IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**TANYA R.,**[1]

      Plaintiff,

          v.

**COMMISSIONER OF SOCIAL SECURITY,**

      Defendant.

Civ. No 6:19–cv–01713–CL

**OPINION AND ORDER**

MARK D. CLARKE, Magistrate Judge.

    Plaintiff Tanya R. seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for supplemental security income (SSI). Full consent to Magistrate jurisdiction was entered on December 10, 2019. (#6). The Commissioner concedes that this case should be remanded but asserts that further proceedings are necessary. For the reasons provided below, the Commissioner's decision should be REVERSED and REMANDED for immediate calculation and payment of benefits.

**BACKGROUND**[2]

    Born in 1974, Plaintiff was forty-one years old on the application date. Tr. 933. She earned a GED. Tr. 1077. She worked as a sales attendant and housekeeping cleaner. Tr. 961. She

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties, and any relations, in this case.

[2] The following recitation constitutes a summary of the pertinent evidence within the Administrative Record and does not reflect any independent finding of fact by the Court. Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record filed herein as Docket No. 14.

alleges she is unable to work due to post-traumatic stress disorder (PTSD) and major depressive disorder.

On May 10, 2016, Plaintiff protectively filed an application for Supplemental Security Income, alleging disability beginning September 10, 2014. Tr. 1060-65. The agency denied the claim both initially and upon reconsideration, and Plaintiff requested a hearing. Tr. 997-1009. She appeared for a hearing before ALJ B. Hobbs in September 2017. Tr. 939-67. On November 22, 2017, the ALJ issued a decision denying Plaintiff's claim for benefits. Tr. 923-38. Plaintiff requested review of the hearing decision, which the Appeals Council denied in August 2019. Tr. 1056, 7-12. Accordingly, the ALJ's decision became the final decision of the agency from which Plaintiff seeks review.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1.     Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.    Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.    Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

    a.    The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.    Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.    Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

Applying the above analysis, the ALJ made the following findings:

1. Plaintiff has not engaged in substantial gainful activity since May 10, 2016 the application date.

2. Plaintiff has the following severe impairments: post-traumatic stress disorder (PTSD); and major depressive disorder.

3. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.

4. Plaintiff has the residual functional capacity to perform a range of medium work as defined in 20 CFR 416.967(c) except she can occasionally climb ladders, ropes, or scaffolds. She must avoid exposure to workplace hazards such as dangerous machinery or unprotected heights. Due to her mental impairments, she can understand, remember, and carry out no more than short and simple instructions that involve no more than simple work-related judgments and decisions. She can tolerate no more than superficial (no more than 15% of the workday) interactive contact with the public. She can tolerate occasional interactive contact with co-workers or supervisors. She can tolerate no more than occasional changes in routine work setting.

5.  Plaintiff is capable of performing past relevant work as a cleaner, housekeeping (DOT 323.687-014; light, unskilled (SVP2)).

Consequently, the ALJ concluded that Plaintiff is not disabled as defined by the Social Security Act from May 10, 2016, the date the application was filed. Tr. 934.

## DISCUSSION

The Commissioner concedes that the ALJ erred by improperly discounting the medical evidence, including the three medical opinions at issue, and by improperly discounting Plaintiff's subjective symptom testimony. Therefore, the only issue for the Court is to determine if the improperly discounted evidence should be credited as true and the case remanded for immediate calculations of benefits or if it should be remanded for further proceedings. For the reasons below, the case should be remanded for immediate calculation and payment of benefits.

**I.      Legal Standard.**

Credit-as-true analysis is well settled, longstanding and binding on the district courts. *See Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir.1989); *Smolen v Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Under the credit-as-true rule, a reviewing court should remand for a finding of disability and award of benefits if: (1) The ALJ has failed to provide legally sufficient reasons for rejecting medical opinions or a claimant's testimony; (2) there are no outstanding issues to be resolved before a determination of disability can be made; and (3) the ALJ would be required to find the claimant disabled if the improperly rejected evidence were credited. *Smolen*, 80 F.3d at 1292.

**1)   The ALJ failed to provide legally sufficient reasons for rejecting the medical opinions and Plaintiff's testimony.**

The Commissioner concedes that the ALJ failed to provide legally sufficient reasons for rejecting the medical opinion evidence of Dr. Lahman and Dr. DeLollis, failed to discuss the

consultative physical examination and opinion of Dr. Johnson, and failed to properly evaluate Plaintiff's subjective symptom testimony. This prong of the credit-as-true doctrine is met.

> **2) There are no outstanding issues to be resolved before a determination of disability can be made, and the ALJ would be required to find Plaintiff disabled if the medical psychological opinion evidence were credited as true.**

The second and third prong of the analysis are overlapping in this case and the Court will address them together here. The two psychological opinions at issue, by Dr. Lahman and Dr. DeLollis, were improperly rejected by the ALJ, and, if credited as true, they clearly establish the Plaintiff's disability. Therefore, there are no outstanding issues to be resolved, and the second and third prongs are met.

The Commissioner argues that there are outstanding issues to be resolved on remand, requesting that the Court order that the ALJ shall: reevaluate the medical opinion evidence; reevaluate Plaintiff's subjective symptom testimony; reevaluate Plaintiff's residual functional capacity, ability to perform past relevant work and/or other work, making specific findings, explaining and resolving any conflicts, and obtaining vocational expert testimony. Essentially, the Commissioner requests remand to re-start this case nearly from scratch. In support, the Commissioner points to the "absence of any assessment of Plaintiff's subjective symptom testimony." The Ninth Circuit has stated that "an ALJ's failure to provide sufficiently specific reasons for rejecting the testimony of a claimant or other witness does not, without more, require the reviewing court to credit the claimant's testimony as true." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1106 (9th Cir. 2014) (citations omitted). However, as discussed below, the "without more" is not applicable here, and reevaluation of Plaintiff's testimony is not required for an award of benefits.

Similarly, the Commissioner argues that the ALJ's conclusory rejection of the medical

opinions of Dr. Lahman and Dr. DeLollis, and failure to discuss the exam of Dr. Johnson,

requires remand "for further administrative proceedings because further and proper

enhancement, analysis, and explanation by the ALJ is needed." *See Embrey*, 849 F.2d at 422

(holding that because the ALJ failed to "provide detailed, reasoned, and legitimate rationales for

disregarding the physicians' findings ... we must remand [the plaintiff's] case to the Secretary for

proper consideration of the physicians' evidence").

However, in the cases cited above, and in cases with similar outcomes, the Ninth Circuit

took issue with the ALJ's wholesale and conclusory rejection of evidence without any

explanation for the court to consider how the ALJ reached the conclusions. *See, e.g., Embrey*,

849 F.2d at 422, (remanding for further proceedings because the ALJ's rejection of the medical

opinions was based only on the ALJ's own conclusory statement "that the objective factors point

toward an adverse conclusion," without any effort to relate any of the objective factors to any of

the specific medical opinions and findings rejected); *Treichler*, 775 F.3d at 1102-03 (remanding

for further proceedings where the ALJ expressed the credibility determination by way of

"boilerplate statement" with no specific reasons for failing to credit the claimant); *Brown-

Hunter*, 806 F.3d at 495 (remanding for further proceedings where the ALJ provided no

"reasoning in order for [the court] to meaningfully determine whether the ALJ's conclusions

were supported by substantial evidence"). Thus, when the court is unable to discern the ALJ's

path of reasoning, remand for further proceedings is appropriate to resolve the issues the ALJ

failed to address in a conclusory manner.

This case is distinguishable from the cases cited above. While the ALJ did reject the

Plaintiff's testimony and one of the medical opinions in a wholesale and conclusory manner, the

ALJ's rejection of the two psychologically-based medical opinions provide sufficient explanation for the Court to determine the legal sufficiency of the evidence and the ALJ's reasoning. Both of these medical opinions assessed disabling mental limitations, and the ALJ identified specific but legally insufficient reasons to reject that evidence.

First, DDS referred Plaintiff to Dr. Lahman, Ph.D., in June 2017 for a psychological consultative examination. Tr. 2500. Based on a review of available medical records, clinical interview, and mental status examination, Dr. Lahman diagnosed PTSD, severe; major depressive disorder, severe; and anorexia nervosa, severe. Tr. 3505. He concluded, "I do not consider the claimant to be capable of any conceivable work-related tasks on a sustained basis. I believe she is stable only to the extent that she does not yet require inpatient treatment." Tr. 2504. He assessed marked impairment in Plaintiff's ability to understand, remember, and carry out either simple or complex instructions; make judgments on either simple or complex work-related decisions; interact appropriately with the public, supervisors, and coworkers; and respond appropriately to usual work situations and changes in a routine work setting. Tr. 2506-07. He opined that Plaintiff's capacity to sustain attention and persistence was greatly diminished by her lack of sleep and poor nutrition. Tr. 2507. Consistent with her alleged onset date, Dr. Lahman believed that Plaintiff's limitations had been present since late 2014, around the time of her first of three hospitalizations. Tr. 1060, 2507. He also concluded, "I believe [Plaintiff] can handle basic money transactions." Tr. 2508. The ALJ rejected Dr. Lahman's opinion on the ground that his "conclusions that the claimant requires ongoing 'extensive' psychiatric support is contradicted... by the psychologist's opinion that the claimant remained fully capable of handling any funds that may be granted by the Social Security Administration." Tr. 931. This

reason was specific but insufficient to discount the well supported conclusions regarding

Plaintiff's mental limitations offered by Dr. Lahman.

Second, Dr. DeLollis began treating Plaintiff in August 2016. Tr. 2650. In July 2017, he

indicated in a statement that Plaintiff's primary diagnosis was PTSD, which stemmed from abuse

and neglect she endured as a child and then exacerbated by domestic violence in adulthood. *Id.*

Dr. DeLollis noted that he saw Plaintiff weekly for individual psychotherapy and medication

management. *Id.* Plaintiff's current medications included Prazosin for traumatic sleep disorder,

Quetiapine for hyperarousal, Clonazepam for anxiety, and Gabapentin for sleep and anxiety. *Id.*

Her primary symptom was overwhelming anxiety, which led to impaired concentration, social

withdrawal, sleep disturbance, low energy, and gastrointestinal upset with disturbed appetite. *Id.*

Plaintiff had a history of suicidality and had been hospitalized three times in the past two years.

*Id.* Her symptoms prevented her from maintaining a regular schedule, and at times, she spent

days in bed without attending to her usual activities of daily living. *Id.* She avoided interactions

because social interaction exacerbated her anxiety. *Id.* Dr. DeLollis opined that Plaintiff's

concentration was very impaired by anxiety; she was able to concentrate for only brief periods

and was unable to multitask. *Id.* She took criticism very personally and seriously, which caused

withdrawal. *Id.* Like Dr. Lahman, Dr. DeLollis concluded that Plaintiff's psychiatric problems

began at the end of 2014, with repeated exacerbations and hospitalizations since then. *Id.* The

ALJ assigned "less weight" to Dr. DeLollis's opinion, reasoning that it "appears to rely

uncritically on the claimant's subjective complaints" and "is not consistent with Dr. DeLollis'

own clinical observations." Tr. 932. Here again, the ALJ's reasoning was specific but

insufficient to discount a medical opinion from a treating physician that assessed similar

disabling limitations to a DDS examining psychologist.

Based on these two opinions alone, Plaintiff is clearly disabled by her mental impairments and resulting limitations. The Court can evaluate the ALJ's path of reasoning and determine that both opinions were rejected for insufficient reasons. If credited, there are no issues left to resolve in order to find Plaintiff incapable of full-time work. Therefore, there is no need to remand for further proceedings to evaluate Plaintiff's subjective symptom testimony or Dr. Johnson's opinion regarding Plaintiff's physical impairments.

Moreover, while the Commissioner argues that the record is not fully developed and further proceedings are necessary, the only specific example given of an outstanding issue is stated as follows: "Although Plaintiff was frequently hospitalized prior to the relevant period (i.e., pre-May 2016), evidence after that date shows some evidence of improvement and normal findings on mental status exam. Tr. 1548, 1550, 1554, 1575, 2270, 2299, 2342." Def. Resp. 4. But Dr. Lahman performed his psychological consultative examination in June 2017, a full year in to the "relevant period." Similarly, Dr. DeLollis began treating Plaintiff in August 2016, and he wrote his medical statement in July 2017. The Commissioner's argument is unpersuasive.

The record is fully developed, and further proceedings would serve no useful purpose. If Dr. Lahman's and Dr. DeLollis' opinions are credited as true, the ALJ would be required to find Plaintiff disabled on remand.

### 3) The Court must remand for an award of benefits.

The Court is mindful of its duty not to substitute its discretion for that of the agency. *See Brown-Hunter*, 798 F.3d at 754. However, if all three requirements [of the credit-as-true analysis] are satisfied, the Court must remand for an award of benefits unless "the record as a whole creates serious doubt that the claimant is, in fact, disabled . . .." *Garrison*, 759 F.3d at

1021. The Court has found no serious doubt regarding Plaintiff's disability in this case.

Therefore, the Court must remand for an award of benefits.

## ORDER

Based on the foregoing, the decision of the Commissioner is REVERSED and

REMANDED for an immediate calculation and payment of benefits.

It is so ORDERED and DATED this **30** day of March, 2021.


MARK D. CLARKE
United States Magistrate Judge